UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOHN T. WOOD, #628581,

                          Plaintiff,

       -against-

SUFFOLK COUNTY POLICE DEPARTMENT,
P.O. SEAN MCAULIFFE, #6120, P.O. MCCRORY, #6006,

                          Defendants.
----------------------------------------------------------------X

**ORDER**
12-CV-6093(SJF)(GRB)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y
★ JUL 29 2013 ★
LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

      On December 7, 2012, incarcerated *pro se* plaintiff John T. Wood ("plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendants Suffolk County Police Department ("SCPD"), P.O. Sean McAuliffe, #6120 ("McAuliffe") and P.O. McCrory, #6006 ("McCrory") (collectively "defendants"). By order dated January 30, 2013, *inter alia*, plaintiff's application to proceed *in forma pauperis* was granted; his claims against the SCPD and as construed to be against the County of Suffolk ("the County") were dismissed; and plaintiff was directed to file an amended complaint against the County on or before March 4, 2013. Plaintiff filed an amended complaint in accordance with the January 30, 2013 order in which he, *inter alia*, asserts claims for false arrest, false imprisonment, malicious prosecution and abuse of process.

      By order dated March 27, 2013, defendants' application to stay this action was granted to the extent that the action was stayed until May 1, 2013 and defendants were directed to advise the Court on or before May 1, 2013 of the status of the underlying criminal proceeding against plaintiff. By letter dated May 1, 2013, defendants advised the Court that plaintiff had been convicted, upon his plea of guilty, of one (1) count of attempted criminal possession of a weapon in the second degree in violation of Sections 110 and 265.03 of the New York Penal Law, in full

1

satisfaction of the other charges against him, i.e., criminal possession of a weapon in the second degree in violation of Section 265.03 of the New York Penal Law, which was the charge upon which he was arrested, and criminal possession of a weapon in the fourth degree in violation of Section 265.01 of the New York Penal Law. By order to show cause dated May 6, 2013, plaintiff's Section 1983 and state law claims for false arrest, false imprisonment and malicious prosecution were dismissed for failure to state a claim for relief and plaintiff was not granted leave to amend the complaint to replead those claims; plaintiff's claim for abuse of process was dismissed with leave to amend on or before June 6, 2013; and plaintiff was advised that his failure to file an amended complaint in accordance with that order would result in his abuse of process claim being deemed dismissed with prejudice. Plaintiff has not filed an amended complaint in accordance with the May 6, 2013 order; sought an extension of time to do so; or taken any other steps to prosecute this action since May 1, 2013. Accordingly, plaintiff's abuse of process claim is dismissed in its entirety with prejudice. The Clerk of the Court is directed to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED**.

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: July 29, 2013
　　　　Central Islip, New York

2